Príncipe, Plaintiff and Respondent, *v.* American Railroad Company of Porto Rico, Defendant and Appellant.

Appeal from the District Court of Ponce in an Action for Damages.

No. 1188.—Decided April 7, 1915.

Evidence—Discretion of Court.—Under rule 24 of the district courts permitting a party to present additional evidence after he has announced his case closed is a matter within the sound discretion of the trial court.

Id.—Nonsuit—Complaint.—The insufficiency of the complaint cannot be directly attacked by a motion for nonsuit, which is directed only to the evidence.

Id.—Id.—The weight of the evidence is not a matter to be raised by a motion for nonsuit. The question to be considered in such a case is whether there is any evidence before the court.

Id.—Motion.—The form of a motion made for leave to introduce additional evidence is immaterial so long as it is clear that the court is permitting the presentation of additional evidence at the request of one of the parties.

Id.—Reason or Excuse—Discretion of Court.—The question of whether a cause or excuse should be shown for previous failure to present the proof, as well as the condition to be imposed, are all merged in the discretion of the court whose action will not be disturbed in the absence of a clear showing of abuse of such discretion.

ID.—NONSUIT—WAIVER.—Motions for nonsuit are addressed to the consideration of the court and when a defendant wishes to demur to the plaintiff's evidence he should stand on this point and not introduce his evidence, for this will be understood as an abandonment of said motion and the same will not be reviewable on appeal, if the evidence of the defendant supplies the defects which the evidence of the plaintiff may have contained.

ID.—OWNERSHIP—PRESUMPTION.—Where ownership is once proved it is presumed to continue until the contrary is shown.

ID.—IMPEACHMENT OF TESTIMONY.—When a party attempts to impeach the testimony of a witness his objection must be specific.

NEGLIGENCE—RAILROAD—PUBLIC CROSSING.—Railroad companies must maintain chains and gates, or an equivalent, at public crossings. This lack of adequate protection by chains, gates, or otherwise, was a sufficient proof of negligence.

JUDICIAL NOTICE—HIGHWAY—PUBLIC ROAD.—The word *"carretera,"* like the English word "highway," means a public road, and in the case at bar the court had a right to take judicial notice that the road between Ponce and Santa Isabel is a public road.

NEGLIGENCE—RAILROAD.—Even conceding that the order in which the cars proceeded and their failure to carry lights is not negligence *per se,* the court is justified in finding a case of negligence when there are neither lights nor regular order, especially if the proof shows that the train was run at irregular intervals and neither rang a bell nor blew a whistle.

ID. — CONTRIBUTORY NEGLIGENCE — DRIVER — PASSENGER. — The negligence of the driver of a carriage is not generally attributable to a passenger, unless the passenger has control over the driver or some other contributory element exists.

The facts are stated in the opinion.

Mr. F. G. *Pérez Almiroty* for the appellant.

Mr. José *Tous Soto* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This was an action to recover damages from the defendant, American Railroad Company of Porto Rico, in the sum of $999. The court rendered judgment for the complainant in the sum of $500.

At the trial the complainant, through her attorney, having announced her case closed, the defendant filed a motion of nonsuit based on several grounds, one of which was that there was no proof that the place where the accident occurred, namely, the crossing called "Cuatro Calles," was the property of the defendant. The court then, at the instance of the complainant, permitted additional evidence to be given and suspended the decision of the motion of nonsuit.

The action of the court is attacked in various ways, but the error assigned in this regard is that the court should not have permitted the additional evidence. But permitting a party to present additional evidence after he has announced his case as closed is a matter within the sound discretion of the trial court. This is covered by the rule of the district court, which provides as follows:

'"Rule 24.—The court, in its discretion, at any time before the conclusion of the argument, where it appears to be necessary to the due administration of justice, may allow a party to supply an omission in the testimony, on such terms and under such limitation, as the court may prescribe."

Another ground for the motion of nonsuit was that the complainant had not proved her damages. Appellant seems to base a part of its argument on the insufficiency of the complaint. But the complaint cannot be directly attacked by a motion of nonsuit. Such a motion is directed to the proof alone.

The appellant then enters into an argument to show how light the proof of damages was; how some of it was affected by interest, and how the injuries were not serious. The weight of the evidence is not a matter to be raised by a motion of nonsuit. The question in such a case is whether there is any evidence before the court, and the record shows that there was such evidence.

The second error, so designated, relates to the form of the motion made by complainant for permission to introduce the additional evidence. The form of the motion is immaterial so long as it is clear to the parties that the court is permitting the presentation of additional evidence at the request of one of the parties. The question of showing a cause and an excuse for previous failure to present the proof as well as the conditions to be imposed are all merged in the discretion of the court, whose action will not be disturbed in the absence of a clear showing of abuse of such discretion. There were other assignments of error in regard to the mo-

tion of nonsuit, but they were unimportant, especially as the defendant went on with his testimony. The motion of nonsuit was itself waived by such action. *Díaz* v. *Rivera,* 19 P. R. R., 527.

In order to prove that the place "Cuatro Calles" belonged to the defendant, Mr. Tous Soto, the attorney for the complainant, took the stand. He testified in substance that it was positively known to him that the branch of the road to which the suit related belonged to the American Railroad Company of Porto Rico, and he knew that to be a fact because he had acted as attorney for the company in the condemnation proceedings for the construction of such branch. This direct testimony was given without objection. On cross-examination the witness said in substance that his knowledge was limited to four years before. The witness went on to say that he knew by the *Official Gazette* on corporations, in hearings before the Executive Council, that there had been no change in the branches of the American Railroad Company, nor had there been any transfer of its property, and that the company could make no transfer without the consent of the Executive Council, which consent had not been given here, the witness saying that he knew all the resolutions of the Executive Council in this regard by means of the *Official Gazette.* Then the defendant said: "If these documents exist, the best proof would be the documents. I must object to the testimony (*declaración*) of the learned counsel because I deem that oral proof, as worthy as it may be, is not the best evidence to prove the point in question."

The defendant made no motion to strike out any part of the direct testimony. The exception as taken was limited to the objection that the statements of the witness were not the best proof of the contents of certain documents. These documents were copies of the *Official Gazette.* The objection was well taken so far as it went. The court erred in overruling the objection, but the error was harmless.

The error was harmless because as the complainant had

already proved without objection that the branch in question belonged to the company four years before, the presumption would naturally arise that the company still owned the branch until the contrary fact was shown. Section 102, paragraph 31, of the Law of Evidence says: "That a thing once proved to exist continues as long as is usual with things of that nature." *Huss* v. *Community Hochhausen*, 12 L. R. A., 620; *Ford* v. *State of Mississippi*, 35 L. R. A., 117. Where ownership is once proved, such ownership is presumed to continue until the contrary appears. Titles are proved in this fashion.

If the defendant wished to object to the whole declaration of the witness, Tous Soto, the objection should have been more specific. *Falero* v. *Falero,* 15 P. R. R., 111.

We pass now to the so-called errors of substance (*errores de fondo*) alleged by the appellant. The court below found the defendant guilty of negligence for five different reasons:

(*a*) For lack of lights and chains, gates, or an equivalent, at the spot where the accident occurred.

(*b*) For failure to ring a bell or blow a whistle.

(*c*) Because the engine was at the rear instead of at the head of the train.

(*d*) Because the last car did not have lights.

(*e*) Because neither the locomotive nor the coaches had continuous breaks, as required by the Federal Law in regard to safety appliances.

The appellant undertook to show that all these grounds of negligence were erroneously found by the court below.

We think the first ground, namely, the lack of lights and chains, etc., is the most important. In the case of *Domínguez* v. *Porto Rico Ry. L. & P . Co.,* 19 P. R. R., 1034, it was clearly shown that railroad companies must maintain chains, gates, or an equivalent, at public crossings. The appellant, however, maintains that the crossing in this case was not shown to be a public one. There was some mention in its brief of the failure of the complainant to allege in the complaint that

the crossing was a public one. The complainant spoke of going along the *carretera* between Ponce and Santa Isabel to the point on the railroad where the accident occurred, which was a sufficient averment. The proof in various places also showed that the accident took place at the spot "Cuatro Calles" on the said *carretera* between Ponce and Santa Isabel. We think the word *"carretera,"* like the English word "highway," means a public road, and that if there was any doubt about such meaning, the court had a right to take judicial notice that the road between Ponce and Santa Isabel is a public one. This lack of an adequate protection by chains, gates, or otherwise, was a sufficient proof of negligence.

It is unnecessary to discuss at much length the other negligent elements that the court found had been proved. Even conceding, as maintained by the appellant, that the order in which the cars proceeded or their failure to bear lights is not negligence *per se,* we think that the court was justified in finding a case of negligence when there were neither lights nor regular order, especially as the proof showed that the train was run at irregular intervals and the court also found that a preponderance of evidence showed that the defendant rang no bell and blew no whistle. Under these circumstances it is unnecessary to decide whether the Federal Safety Appliance Act is in force in Porto Rico.

The second error relates to the fact that the court permitted proof in rebuttal of the evidence that the branch of the road passing through "Cuatro Calles" belonged to the defendant. The appellant may be right in saying that the court misunderstood the nature of the cross-examination made by counsel for defendant, and that counsel did not ask any question concerning the ownership of the branch. Be that as it may, as we have found that ownership was otherwise proved, the error, if any, was harmless.

The third error relates to the alleged proof of contributory negligence on the part of Luis Príncipe who drove the

carriage in which the complainant was sitting when the accident occurred. It might be necessary to discuss the proof in this regard if the negligence of Luis Príncipe could be imputed to his sister. We think that the negligence of the driver is not generally attributable to a passenger, unless the passenger has control over the driver or some other element exists which was not shown here. *Domínguez* v. *Porto Rico Ry. L. & P. Co.,* 19 P. R. R., 1034. It makes no difference that complainant was a sister of the driver; nor does the fact that she requested her brother to trot the horse for her greater safety, as she did not like to go fast, prove that she was in control.

The only other error relates to the weight of the evidence in regard to the damages. The doctor testified that he found contusions and slight wounds and that complainant might have nervous shocks, indigestion or neurasthenia as the result of the accident. And there was testimony showing that the complainant was in bed thirteen or fourteen days and had to stay away from work thirty-two days. The proof of severe damages is not strong, but neither is the judgment a very heavy one considering all the consequences to the complainant and possible consequences.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.